UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT L. DENT,

    Plaintiff,

v.

                                             Case No. 5:20-cv-310-TKW-MJF

BAY COUNTY SHERIFF ORG., *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Robert L. Dent, proceeding *pro se* and *in forma pauperis*, has filed a third amended civil rights complaint under 42 U.S.C. § 1983, alleging violations of his rights under the First, Eighth, Fourteenth, and "All twenty seven Amendment[s]." Doc. 25 at 7. The undersigned recommends that Plaintiff's complaint be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted.[1]

### I. Plaintiff's Third Amended Complaint

Plaintiff was a pretrial detainee at the Bay County Jail at the time he initiated this action. Doc. 1. He now is confined at the Florida State Hospital. Docs. 21, 26.

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Plaintiff's third amended complaint names three Defendants: Bay County Sheriff Tommy Ford in his official capacity; Corporal Deputy Sheriff Caleb Bailey in his individual capacity; and Lieutenant Deputy Sheriff Flowers in his official capacity. Doc. 25 at 2-3. Plaintiff claims that the Defendants violated his First Amendment right to freedom of speech, his Eighth Amendment right to be free from cruel and unusual punishment, his Fourteenth Amendment "citizenship rights," and "All twenty seven Amendment because They're illegally tracking a U.S. Citizen with a microchip." Doc. 25 at 7. Plaintiff's claims are predicated on the following factual allegations.

Plaintiff asserts that he "ha[s] a microchip in my skin at which give a signal to organization member who are committing a crime against me." Doc. 25 at 5. Plaintiff alleges that he was taken to the Bay County Jail "on a made up charge" and that he initially was placed in a quarantine dormitory based on Covid-19 protocols. *Id*.

After Plaintiff completed his period of quarantine, Defendant Bailey came to Plaintiff's cell and ordered him to move to a general population dormitory. Doc. 25 at 5. Plaintiff "request[ed] protected custody by asking to speak to a lieutenant or sergeant." *Id*. Bailey then "attempted to pull [Plaintiff] off of the top bunk bed" which caused Plaintiff to "nearly fall[ ]" to the floor. *Id*. Plaintiff put on his shirt and "told him [Bailey] 'Let's go out here in front of the camera so everybody can see this.'" *Id*.

Plaintiff alleges that "once out in front of the cameras, Deputy Bailey "yank my arm aggressively" and told Plaintiff to turn around and cuff up. *Id*. at 6. When Plaintiff refused, Bailey "wrestl[ed] [Plaintiff] to the ground using the arm bar from behind aggressively and having a deputy ma[c]e me then saying you inmate when I tell you to cuff up, cuff up." *Id*. Defendant Flowers entered the area and told Bailey "that's enough." *Id*. Plaintiff concludes by stating:

> Violation of All twenty seven amendments for illegally tracking me for ransom money. Then tried to kill me on Bed #4 G-2 dorm with a rattlesnake in a laundry bag.

*Id*. at 6. As relief in this lawsuit, Plaintiff seeks the following:

> I want this microchip removed for federal charges and I seek 45 million dollars for nearly taking my life for ranso[m] money and excessive force being used.

*Id*. at 7.

## II. Screening Standard Under 28 U.S.C. §§ 1915A and 1915(e)(2)

Because Plaintiff was a prisoner at the time he initiated this action and is proceeding *in forma pauperis*, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v.*

*Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint also may be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

### III.  DISCUSSION

A. **Plaintiff's Third Amended Complaint Fails to State a Plausible Claim for Violation of the First Amendment**

Plaintiff does not relate his claim of a First-Amendment violation to any particular factual allegations, but instead leaves it open to interpretation. *See* Doc. 25 at 5-7. The undersigned liberally construes Plaintiff's complaint as suggesting that Bailey's use of force was in retaliation for Plaintiff exercising his right to freedom of speech.

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). To state a claim of retaliation under the First Amendment "the inmate must establish three elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008); *see also Bennett v. Chitwood*, 519 F. App'x 569, 575 (11th Cir. 2013) (applying that standard to a pretrial detainee's First Amendment retaliation claim against jail official).

Concerning the first element, "an inmate's First Amendment right to free speech is not protected if affording protection would be inconsistent with the

inmate's status as a prisoner or with the legitimate penological objectives of the corrections system." *Smith*, 532 F.3d at 1277. Concerning the third element—causation—an inmate must demonstrate that the defendant's action was subjectively motivated by the plaintiff's protected speech. *Smith*, 532 F.3d at 1278.

Plaintiff's allegations do not plausibly show that Bailey's use of force was in retaliation for his engaging in protected speech. According to Plaintiff's version of events, Bailey used force in response to Plaintiff verbally challenging him—"Let's go out here in front of the camera so everybody can see this"—then walking away from Bailey who was there to escort him to a new dormitory, and then refusing to comply with Bailey's order to turn around and cuff up. These allegations demonstrate that Bailey's use of force was motivated by Plaintiff's insubordination and refusal to comply with Bailey's legitimate orders, not by an exercise of protected speech. On these facts, Plaintiff cannot satisfy the elements of a First-Amendment claim.[2]

**B.    Plaintiff's Third Amended Complaint Fails to State a Plausible Claim Against Bailey for Violation of the Fourteenth Amendment**

Because Plaintiff was a pretrial detainee, his claim of excessive force invokes the protections of the Fourteenth-Amendment right to due process. *Kingsley v.*

---

[2] Even if Plaintiff's remark were not deemed insubordinate, the only alleged retaliatory action that resulted from the remark itself (as opposed to Plaintiff's refusal to turn around and cuff up) was Bailey "yank[ing]" Plaintiff's arm "aggressively." Doc. 25 at 6. Viewed objectively, that action would not likely deter a person of ordinary firmness from engaging in protected speech.

*Hendrickson*, 576 U.S. 389, 396-97 (2015); *Piazza v. Jefferson Cnty., Alabama*, 923 F.3d 947, 952 (11th Cir. 2019).

> [U]nlike in Eighth Amendment cases, there is no need in the pretrial-detainee context to determine "*when* punishment is unconstitutional" because a pretrial detainee has not yet been adjudicated guilty and thus may not be punished at all. [*Kingsley*, 135 S. Ct. 2466,] 2475 (emphasis added). Although, under *Bell* [*v. Wolfish*, 441 U.S. 520 (1979)], impermissible "punishment" could mean force deployed with a subjective, "expressed intent to punish," it also could mean force that, as an *objective* matter, is "not rationally related to a legitimate governmental" purpose or is "excessive in relation to that purpose." *Id*. at 2473–74. After *Kingsley*, then, if force used against a pretrial detainee is more severe than is necessary to subdue him or otherwise achieve a permissible governmental objective, it constitutes "punishment" and is therefore unconstitutional. Notably, inasmuch as it entails an inquiry into the objective reasonableness of the officers' actions, the Fourteenth Amendment standard has come to resemble the test that governs excessive-force claims brought by arrestees under the Fourth Amendment.

*Piazza*, 923 F.3d at 952–53. Thus, to state a claim for excessive force under the Due Process Clause, a pretrial detainee must set forth objective facts showing that "the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley*, 576 U.S. at 398. ("[T]he appropriate standard for a pretrial detainee's excessive force claim is solely an objective one.").

Legitimate governmental objectives include "the need to preserve internal order and discipline and maintain institutional security." *Piazza*, 923 F.3d at 953. These objectives may at times require jail officers to use force. *Id*. at 953. The

following considerations bear on the reasonableness or unreasonableness of the force used:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 576 U.S. at 397 (citation omitted).

Plaintiff's allegations fails to demonstrate that Bailey's use of force was objectively unreasonable. First, there was a need for force. As Plaintiff concedes in his complaint, he not only challenged Bailey to "go out here in front of the camera so everybody can see this," but he also refused to comply with Bailey's order to turn around and cuff up. Doc. 25 at 5-6. *Cf. Bennett v. Parker*, 898 F.2d 1530, 153 (11th Cir. 1990) ("The need for the use of force [was] established by the undisputed evidence that [the prisoner] created a disturbance."). Second, the need for force was proportional to the force Bailey used. The use of a takedown "is not disproportionate to the need to control an inmate who has failed to obey a jailer's orders." *Danley v. Allen*, 540 F.3d 1298, 1307 (11th Cir. 2008), *overruled on other grounds as recognized by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). Third, an officer reasonably could perceive Plaintiff's verbal challenge to Bailey, combined with his refusal to comply with Bailey's order, as threatening. And finally, Plaintiff does not allege any facts regarding injury. *See, e.g., Jacobs v. Georgia*, 820 F. App'x 882, 888 (11th Cir. 2020) (dismissing pretrial detainee's

excessive force claim where detainee "did not allege sufficient facts, accepted as true, to support a reasonable inference that the force used against him was not rationally related to a legitimate governmental objective or that it was excessive to that purpose.").

Because Plaintiff's allegations do not show that the force Bailey applied was objectively unreasonable, he has failed to state a plausible claim for violation of the Fourteenth Amendment.

C.  **Plaintiff's Third Amended Complaint Fails to State a Plausible § 1983 Claim Against Ford and Flowers**

Plaintiff seeks to hold Sheriff Ford and Lieutenant Flowers liable—in their official capacities—for the allegedly unconstitutional conduct of Bailey. Doc. 25 at 2-3. Plaintiff's allegations do not indicate Plaintiff's theory of liability against these Defendants. *Id*. at 5-6.

"[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Cottone*, 326 F.3d at 1360 (internal quotation marks omitted). *Respondeat superior* is a legal theory under which someone higher up in the chain of authority becomes automatically responsible for the conduct of a lower placed employee, without any active wrongdoing by the higher-up.

"Instead, to hold a supervisor liable a plaintiff must show that the supervisor either directly participated in the unconstitutional conduct or that a causal connection

exists between the supervisor's actions and the alleged constitutional violation."
*Keith v. DeKalb County, Georgia*, 749 F.3d 1034, 1047-48 (11th Cir. 2014).

> The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Cottone*, 326 F.3d at 1360 (internal quotation marks omitted) (citations omitted).

Plaintiff does not allege that Ford or Flowers personally participated in the use of force, or that either of them directed Bailey's actions. Plaintiff fails to allege any causal connection whatsoever between the incident that occurred with Bailey and any action of Ford or Flowers. To the contrary, Flowers cautioned Bailey—once Plaintiff had been secured—that no additional force should be used. Doc. 25 at 6. Plaintiff's complaint does not mention Ford at all outside of the caption.

Plaintiff's failure to allege facts that associate Ford or Flowers with any constitutional violation warrants dismissal of his claims against these Defendants. *See Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissing claims against defendants where plaintiff's complaint failed to allege facts that associated any of them with the alleged constitutional violation); *see also Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal

particularity how overt acts of the defendant caused a legal wrong."); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1234, at 381–85 (3d ed. 2004) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong.").

Plaintiff's claims against Ford and Flowers fail for the additional reason that Plaintiff's allegations do not state a plausible constitutional claim against Bailey. *See* discussion *supra* Sections III.A., III.B.; *see also Mann v. Taser Int'l. Inc.*, 588 F.3d 1291, 1308 (11th Cir. 2009) (holding that supervisory liability claim must fail "because the underlying Section 1983 claims fail"); *Hicks v. Moore*, 422 F.3d 1246, 1253 (11th Cir. 2005) (holding that where the plaintiff's rights were not violated, "Plaintiff cannot maintain a § 1983 action for supervisory liability").

For these reasons, Plaintiff's claims against Sheriff Ford and Lieutenant Flowers are subject to dismissal for failure to state a claim.

D.  **Plaintiff's Third Amended Complaint Fails to State a Plausible Claim Against Any Defendant for Violation of "All twenty seven amendments"**

Plaintiff's complaint ends with the assertion: "Violation of All twenty seven amendments for illegally tracking me for ransom money. Then tried to kill me on Bed #34 G-2 dorm with a rattlesnake in a laundry bag." Doc. 25 at 6-7. Plaintiff, however, does not allege any facts supporting these bare assertions. Plaintiff's conclusory assertions are insufficient to state a plausible claim for relief under § 1983. *See Iqbal*, 556 U.S. at 678-79 (stating that the pleading standards set forth in

Fed. R. Civ. P. 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

## IV. CONCLUSION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted.

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 3rd day of February, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**